The Attorney General has received your request for an opinion wherein you ask, in effect, the following questions: 1. Is the Washita River in Garvin County a "Navigable Stream" as defined by law? 2. Does the State of Oklahoma own the Washita River bed from bank to bank? In an attempt to legally define what is meant by "Navigable Stream", research indicates that the United States Supreme Court has held this to be a factual question for the Courts and not capable of exact definition. U.S. v. Appalachian Electric Power Company, 311 U.S. 377,61 S.Ct. 29, 85 L.Ed. 243 (1940). The criterion used, however, to determine navigability by the United States Supreme Court in Brewer-Elliott Oil Co. v. United States,260 U.S. 77, 43 S.Ct. 60, 67 L.Ed. 140 (1922) and followed by the Oklahoma Supreme Court in Lynch v. Clements,263 P.2d 153 (1953) is as follows: "A navigable river in this country is one which is used, or is susceptible of being used in its ordinary condition, as a highway for commerce over which trade and travel are or may be conducted in the customary modes of trade, and travel on water. It does not depend upon the mode by which commerce is conducted upon it, whether by steamers, sailing vessels or flat boats, nor upon the difficulties attending navigations, but upon the fact whether the river in its natural state is such that it affords a channel for useful commerce." See also State of Oklahoma v. Texas, 258 U.S. 574, 42 S.Ct. 406,66 L.Ed. 771, (1922). The answer to your second question hinges on a factual finding of navigability of the Washita River. Generally the rule of ownership is as follows: "Upon admission of Oklahoma into the Union, the title to beds of streams within its borders passed to and became the property of the State of Oklahoma by operation of law where the stream was navigable, but where the stream was not navigable, title to the bed did not pass." Lynch v. Clements, supra, Aladdin Petroleum Corp. v. State ex Rel. Commissioners of Land Office, 20 Okl. 134 (1948), 191 P.2d 224, Cit?J of Tulsa v. Commissioners of Land Office,187 Okl. 82, 101 P.2d 246 (1940). This general rule is subject to modification based on the facts pertaining to an individual tract of land through which the river may flow. State and riparian ownerships both may be affected by previous Indian treaties, United States Government patents or allotments, and State Statutes as well as common law. See Choctaw and Cherokee Nation v. State of Oklahoma, 397 U.S. 620, 90 S.Ct. 1328, 25 L.Ed. 2nd 615
(1970) rehearing denied 398 U.S. 945, 90 S.Ct. 1834
(1971), 26 L.Ed. 2nd 285 also see 64 O.S. (1971) 290. It is, therefore, the official opinion of the Attorney General that a determination as to whether or not the Washita River in Garvin County, Okla. is a "Navigable Stream" is a question of fact to be judicially determined by the Courts and ownership of the Washita River bed is likewise a question of fact depending on the location of the individual tract of land in question and previous Indian treaties, United States Government patents or allottments, and State Statutes which affect the ownership rights thereto. (William S. Flanagan)